T.C. Memo. 2011-79

UNITED STATES TAX COURT

ANDREW ROQUE BOSQUE AND ALMA BOSQUE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 14403-09, 23544-09.    Filed April 4, 2011.

Andrew Roque Bosque and Alma Bosque, pro sese.

<u>Christina Ciu</u> and <u>Thomas R. Mackinson</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  In these consolidated cases respondent determined deficiencies in petitioners' Federal income tax and accuracy-related penalties as follows:

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|----------------------|
| 2006 | $12,790 | $2,558 |
| 2007 | 12,154 | 2,430 |

The issues for decision are: (1) Whether rental real estate losses petitioners claimed on their Schedules E, Supplemental Income and Loss, for 2006 and 2007 are subject to the passive activity loss limitations under section 469;[1] (2) whether petitioners are entitled to a deduction of $7,729 for business use of their home claimed on their 2006 Schedule C, Profit or Loss From Business, for Abe Consulting, Inc. (ACI Schedule C); (3) whether petitioners are entitled to a deduction of $14,500 for rental or lease of business property claimed on their 2006 ACI Schedule C; (4) whether petitioners are entitled to a deduction of $28,445 for legal and professional services claimed on their 2006 Schedule C for the Law Offices of Andrew B. Bosque & Associates (law practice Schedule C); (5) whether petitioners are entitled to a deduction of $1,389 for rental or lease of business property claimed on their 2006 law practice Schedule C; and (6) whether petitioners are liable for accuracy-related penalties under section 6662(a) for 2006 and 2007.[2]

--------

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Respondent determined that petitioners failed to report

(continued...)

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in San Jose, California, when they filed their petitions.

In 2006 and 2007 Andrew Roque Bosque (Mr. Bosque) worked as a self-employed attorney and also performed services for Abe Consulting, Inc. (ACI), a business he organized in 2005. Alma Bosque (Mrs. Bosque) worked full time as a nurse.[3] Petitioners also owned three rental real estate properties.

Rental Real Estate

Petitioners owned the following rental real estate properties: (1) A single-family home in Lathrop, California (Lathrop property), approximately 1 hour from petitioners' home; (2) a single-family home in Sloughhouse, California (Sloughhouse property), approximately 2.5 hours from petitioners' home; and

---

[2](...continued)
wages of $6,270 for 2006. Petitioners did not challenge this determination in their petition or at trial, and the issue is deemed conceded. See Rule 34(b)(4).

Respondent's determinations with respect to petitioners' itemized deductions and self-employment tax are computational adjustments that will be resolved by our decisions on the primary issues.

[3] Mrs. Bosque earned wages of $127,970 in 2006 and $142,543 in 2007.

(3) a single-family home in Reno, Nevada (Reno property), over 4 hours from petitioners' home.

Petitioners tried many different methods to solicit tenants. They hired a real estate agent to help them find tenants, and Mr. Bosque discussed the properties with Charles Hinds (Mr. Hinds), the real estate agent's husband, for 1 hour three times a week. Mr. Bosque advertised the Lathrop and Sloughhouse properties on Craigslist. He spent 1 hour three times a week updating the advertisements and replying to inquiries he had received. Lastly, Mr. Bosque visited the Lathrop and Sloughhouse properties once a month and posted flyers in area restaurants and businesses. It took him approximately 9 hours to drive to and from the properties and post the flyers. Mr. Bosque kept daily logs detailing the time he spent updating the Craigslist advertisements, replying to inquiries, and visiting the Lathrop and Sloughhouse properties.[4]

Petitioners had little success renting out their properties in 2006 and 2007.[5] As a result they suffered losses in each year and claimed the losses on their 2006 and 2007 Schedules E.[6] Petitioners completed the Schedules E as though Mr. Bosque

---

[4] Petitioners introduced no evidence of any activity related to the Reno property.

[5] Petitioners received rental income of $2,000 for 2006 and $14,500 for 2007.

[6] Petitioners claimed rental real estate losses of $139,467 and $152,426 for 2006 and 2007, respectively.

qualified as a "real estate professional".  Petitioners did not file an election with their 2006 or 2007 return to treat all interests in rental real estate as a single rental real estate activity pursuant to section 469(c)(7)(A).

Abe Consulting, Inc.

Mr. Bosque organized ACI for the purpose of recruiting individuals to become real estate agents.  During 2006 he designed PowerPoint presentations highlighting the benefits of becoming a real estate agent and delivered them to his recruits at either his home or his office in Milpitas, California.[7]

1.  Business Use of Home

In 2001 petitioners added to their home a room which Mr. Bosque used as an office for both ACI and his law practice during the years in issue.  Petitioners claimed on both their 2006 ACI Schedule C and their 2006 law practice Schedule C a deduction for the business use of their home.  Instead of apportioning the business use of their home between ACI and the law practice, petitioners claimed as a deduction the full amount of the business use of their home twice; i.e., $7,729 for ACI and $7,551 for the law practice.  Respondent allowed the deduction claimed

---

[7]  Mr. Bosque's daily log showed that he performed services for ACI on 20 occasions in 2006 and on 1 occasion in 2007.  His Oct. 19, 2006, entry showed that he performed services for ACI from 5-7 p.m., but no other entry showed a beginning and ending time.

on petitioners' law practice Schedule C but disallowed the deduction claimed on their ACI Schedule C.

2. Rental or Lease of Business Property

Petitioners claimed on their 2006 ACI Schedule C a deduction of $14,500 for the rental or lease of business property. Respondent disallowed the deduction after petitioners failed to provide substantiation. At trial petitioners admitted to having no documentation to substantiate the claimed deduction.

Law Office of Andrew B. Bosque & Associates

Mr. Bosque continued to practice law in 2006 although his practice was "placed in [sic] the back burner" while he concentrated on his real estate activities. He worked out of his home and his office in Milpitas, meeting with clients at both locations.

1. Legal and Professional Services

In 2006 Mr. Bosque used the services of three paralegals.[8] He did not pay his paralegals a set salary or hourly rate; rather, he paid them what he thought was a fair price for the work that they did and the urgency with which he needed the work completed.[9]

---

[8] Mr. Bosque explained that Terry Johns (Mr. Johns), one of his paralegals, was his real estate expert.

[9] Mr. Bosque treated his paralegals as independent contractors but did not issue Forms 1099-MISC, Miscellaneous Income, to them.

Petitioners claimed on their 2006 law practice Schedule C a deduction of $28,445 for legal and professional services for the paralegal fees Mr. Bosque paid.  Respondent disallowed the deduction after petitioners failed to provide substantiation.

At trial petitioners introduced copies of checks written from the Andrew B. Bosque & Associates checkbook.  In 2006 Mr. Bosque wrote a total of 45 checks to his paralegals.  Some of the checks specified which case the paralegal had worked on, while others stated "paralegal fees".

2.  <u>Rental or Lease of Business Property</u>

Petitioners claimed on their 2006 law practice Schedule C a deduction of $1,389 for rental or lease of business property. Respondent disallowed the deduction after petitioners failed to provide substantiation.  At trial Mr. Bosque admitted that he did not "exactly know what * * * [the deduction for rental or lease of business property] pertains to" and that currently petitioners did not have any documentation to substantiate it.

OPINION

The Commissioner's determinations in the notice of deficiency are presumed correct, and taxpayers bear the burden of proving that the Commissioner's determinations are incorrect.[10] See Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).

---

[10]  Petitioners do not contend that sec. 7491(a) applies in the instant cases to shift the burden of proof to respondent.

Taxpayers also bear the burden of proving that they have met all requirements to be entitled to any claimed deductions. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).

I. Deductibility of Rental Real Estate Losses

Taxpayers are allowed deductions for certain business and investment expenses pursuant to sections 162 and 212; however, section 469 generally disallows any passive activity loss for the tax year. A passive activity is any trade or business in which the taxpayer does not materially participate. Sec. 469(c)(1). A passive activity loss is defined as the excess of the aggregate losses from all passive activities for the year over the aggregate income from all passive activities for such year. Sec. 469(d)(1). A rental activity is generally treated as a per se passive activity regardless of whether the taxpayer materially participates.[11] Sec. 469(c)(2).

A. Real Estate Professional

Pursuant to section 469(c)(7), the rental activities of a taxpayer who is in the real property business (real estate professional) are not per se passive activities but are treated as a trade or business subject to the material participation requirements of section 469(c)(1). Sec. 1.469-9(e)(1), Income Tax Regs.

---

[11] A rental activity is "any activity where payments are principally for the use of tangible property." Sec. 469(j)(8).

A taxpayer qualifies as a real estate professional and is not engaged in a passive activity under section 469(c)(2) if:

> (i) more than one-half of the personal services performed in trades or businesses by the taxpayer during such taxable year are performed in real property trades or businesses in which the taxpayer materially participates, and
> (ii) such taxpayer performs more than 750 hours of services during the taxable year in real property trades or businesses in which the taxpayer materially participates [750-hour service performance requirement].

Sec. 469(c)(7)(B). In the case of a joint return, the foregoing requirements for qualification as a real estate professional are satisfied if, and only if, either spouse separately satisfies the requirements. Id. Thus, if either spouse qualifies as a real estate professional, the rental activities of the real estate professional are not per se passive under section 469(c)(2).

Section 1.469-5T(f)(4), Temporary Income Tax Regs., 53 Fed. Reg. 5727 (Feb. 25, 1988), sets forth the requirements to establish the taxpayer's hours of participation as follows:

> The extent of an individual's participation in an activity may be established by any reasonable means. Contemporaneous daily time reports, logs, or similar documents are not required if the extent of such participation may be established by other reasonable means. Reasonable means for purposes of this paragraph may include but are not limited to the identification of services performed over a period of time and the approximate number of hours spent performing such services during such period, based on appointment books, calendars, or narrative summaries.

We have held that the regulations do not allow a postevent "ballpark guesstimate". Bailey v. Commissioner, T.C. Memo. 2001-296; Goshorn v. Commissioner, T.C. Memo. 1993-578.

Petitioners contend that they satisfy the section 469 requirements of being a real estate professional.[12]  Mr. Bosque spent 6 hours a week updating the Craigslist advertisements, responding to inquiries, and discussing the rental properties with Mr. Hinds.  He also spent 9 hours a month driving to and from the Lathrop and Sloughhouse properties, posting flyers in nearby businesses, and checking on the properties.  Mr. Bosque's activities related to the rental real estate properties total 420 hours per year,[13] less than the 750-hour service performance requirement of section 469(c)(7)(B).

Petitioners argue that we should consider the hours Mr. Bosque worked for ACI in our determination of whether he qualifies as a real estate professional.  Assuming without deciding that ACI is a real property trade or business, petitioners presented minimal evidence as to how many hours Mr. Bosque performed services for ACI during 2006 and 2007.  Mr.

---

[12]  On brief it appears that petitioners attempt to combine their hours of service.  As mentioned supra, either spouse separately must satisfy the requirements of sec. 469(c)(7)(B).  We dismiss the possibility of Mrs. Bosque's qualifying as a real estate professional in 2006 or 2007.  She worked full time as a nurse during the years at issue, and petitioners presented no evidence that would allow us to conclude that she performed more than 750 hours of services with respect to real property trades or businesses.

[13]  Mr. Bosque spent 312 hours per year updating the Craigslist advertisements, responding to inquiries, and discussing the properties with Mr. Hinds and 108 hours per year visiting the Lathrop and Sloughhouse properties, for a total of 420 hours.

Bosque's daily log shows 20 days in 2006 and 1 day in 2007 on which he performed services for ACI, and only 1 entry shows beginning and ending times.[14]  Petitioners provided no evidence that would allow us to approximate the number of hours Mr. Bosque performed services for ACI on the remaining 20 days.

On the basis of the record, we conclude that petitioners have failed to show that Mr. Bosque meets the 750-hour service performance requirement of section 469(c)(7)(B)(ii) for the years in issue.  Because petitioners have failed to show that Mr. Bosque meets the 750-hour service performance requirement, we hold that he is not a real estate professional for purposes of section 469(c)(7) and that petitioners' rental real estate activities must therefore be treated as a passive activity under section 469(c)(2).  Consequently, it is not necessary to address whether Mr. Bosque spent more than 50 percent of his time in real property trades or businesses or whether he materially participated in those businesses.

B.  Active Participation

Although we find that petitioners' rental real estate losses are passive activity losses, an exception to the general rule

---

[14]  Mr. Bosque's entry on Oct. 19, 2006, reports that he performed services for ACI from 5-7 p.m.  Even if we assumed that Mr. Bosque performed services for ACI for 2 hours on each of the 20 other days, he still falls short of the 750-hour service performance requirement.

that passive activity losses cannot currently be deducted is provided in section 469(i)(1), which provides as follows:

> (1) In general.--In the case of any natural person, subsection (a) shall not apply to that portion of the passive activity loss or the deduction equivalent * * * of the passive activity credit for any taxable year which is attributable to all rental real estate activities with respect to which such individual actively participated in such taxable year * * *.

The section 469(i) exception is limited to $25,000 per year. Sec. 469(i)(2). The $25,000 maximum "offset", however, begins to phase out for taxpayers whose adjusted gross income (AGI) exceeds $100,000 and is completely phased out for taxpayers whose AGI is $150,000 or more. Sec. 469(i)(3)(A). For this purpose, AGI is derived without regard to "any passive activity loss or any loss allowable by reason of subsection (c)(7)" (modified AGI). Sec. 469(i)(3)(F)(iv). We have said that the active participation standard is met as long as the taxpayer participates in a significant and bona fide sense in making management decisions or arranging for others to provide services such as repairs. See Madler v. Commissioner, T.C. Memo. 1998-112.

Respondent concedes that petitioners actively participated in their rental real estate activities during 2006 and 2007. Consequently, petitioners are entitled to offset their nonpassive income for 2006 and 2007 by $25,000, subject to the phase-out limitation described above.

II.  Schedule C Deductions

Section 162(a) provides:  "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".  Taxpayers are required to maintain records sufficient to establish the amounts of allowable deductions and to enable the Commissioner to determine the correct tax liability.  Sec. 6001; Shea v. Commissioner, 112 T.C. 183, 186 (1999).  When taxpayers establish that they have incurred deductible expenses but are unable to substantiate the exact amounts, we can estimate the deductible amounts, but only if the taxpayers present sufficient evidence to establish a rational basis for making the estimates.  See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

A.  ACI Schedule C--Business Use of Home

As a general rule, section 280A(a) provides that no deduction shall be allowed with respect to the business use of a dwelling unit that is used by the taxpayer during the year as a residence.  However, section 280A(c)(1) provides an exception for certain business use of a dwelling unit, provided, however, that a portion of the dwelling unit is exclusively used on a regular basis for that business purpose.

Petitioners claimed on both their 2006 ACI Schedule C and their 2006 law practice Schedule C deductions for the business

use of their home.  Although Mr. Bosque used the same room for both businesses, petitioners claimed the full amount of the deduction on each business' Schedule C.

Respondent argues that because Mr. Bosque used the same room in the house for both businesses, petitioners are entitled to only one deduction for the business use of their home. Respondent reasons further that since petitioners were allowed to deduct the expense for the business use of their home on their 2006 law practice Schedule C, they are not entitled to the deduction claimed on their 2006 ACI Schedule C.

Mr. Bosque admitted that he used the same home office for both his law practice and ACI.  As respondent states on brief, to allow petitioners two deductions would be to double the amount of the allowed deduction under section 280A(c).  Accordingly, we sustain respondent's determination that petitioners are not entitled to the deduction for business use of their home claimed on their 2006 ACI Schedule C.

B.  ACI--Rental or Lease of Business Property

Petitioners claimed on their 2006 ACI Schedule C a deduction of $14,500 for rental or lease of business property.  Petitioners did not have any documentation to substantiate the expense.  They also have failed to provide evidence that would allow us to estimate a deduction under the Cohan rule discussed supra.  See Cohan v. Commissioner, supra at 543-544.  Accordingly, we sustain

respondent's determination that petitioners are not entitled to the deduction claimed on their 2006 ACI Schedule C for rental or lease of business property.

C.  Law Practice--Legal and Professional Services

Petitioners claimed on their 2006 law practice Schedule C a deduction of $28,445 for legal and professional services for the fees Mr. Bosque paid his three paralegals.  Respondent argues that petitioners have not provided sufficient evidence to substantiate the deduction.  We disagree.

Mr. Bosque credibly testified about the amounts of and the purposes for petitioners' claimed deduction for legal and professional services.  Petitioners provided copies of 45 checks from the Andrew B. Bosque & Associates checkbook made out to Mr. Bosque's three paralegals.  Each check contained either a case name, the words "paralegal fees", or both.

Respondent also argues that petitioners have not shown that the fees paid to Mr. Johns were paid in carrying on Mr. Bosque's law practice.  Specifically, respondent points out that during trial Mr. Bosque stated that Mr. Johns was his real estate expert, and petitioners did not provide evidence that Mr. Bosque's law practice handled real estate cases.

We believe that the payments to Mr. Johns by Mr. Bosque were made in carrying on Mr. Bosque's law practice.  Of the 10 checks Mr. Bosque wrote to Mr. Johns, 9 contained a case name or

description of a case. On the facts, we believe there is sufficient evidence that Mr. Johns' services were provided to Mr. Bosque's law practice.

Accordingly, we find that petitioners are entitled to the deduction for legal and professional services claimed on their 2006 law practice Schedule C.

D. Law Practice--Rental or Lease of Business Property

Petitioners claimed on their 2006 law practice Schedule C a deduction of $1,389 for rental or lease of business property. At trial Mr. Bosque admitted that he did not know what the deduction pertained to and that petitioners currently did not have documentation to substantiate the deduction. Accordingly, we sustain respondent's determination that petitioners are not entitled to the deduction for rental or lease of business property claimed on their 2006 law practice Schedule C.

III. Accuracy-Related Penalty

Respondent determined that petitioners are liable for section 6662(a) accuracy-related penalties for 2006 and 2007.[15] Pursuant to section 6662(a) and (b)(1) and (2), a taxpayer may be liable for a penalty of 20 percent of the portion of an

---

[15] Respondent determined that petitioners' underpayments for 2006 and 2007 are attributable to (1) negligence or disregard of rules and regulations and (2) a substantial understatement of income tax. Because we find that petitioners substantially understated their Federal income tax for 2006 and 2007, we need not decide whether petitioners' underpayments are attributable to negligence or disregard of rules or regulations. See sec. 6662(b).

underpayment of tax attributable to (1) negligence or disregard of rules or regulations or (2) a substantial understatement of income tax. An "understatement" is the difference between the amount of tax required to be shown on the return and the amount of tax actually shown on the return. Sec. 6662(d)(2)(A). A "substantial understatement" exists if the understatement exceeds the greater of (1) 10 percent of the tax required to be shown on the return for a taxable year or (2) $5,000. See sec. 6662(d)(1)(A). The burden of production is on respondent to produce evidence that it is appropriate to impose the relevant penalty. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Respondent determined the amounts of tax required to be shown on petitioners' 2006 and 2007 returns to be $13,029 and $12,154, respectively. Petitioners reported total tax of $239 for 2006 and zero for 2007. Although we decided supra p. 16 that petitioners are entitled to the deduction for legal and professional services that respondent disallowed, the Rule 155 calculation will show that petitioners substantially understated their Federal income tax for 2006 and 2007. Accordingly, we find that respondent has met his burden of production.

The accuracy-related penalty is not imposed with respect to any portion of the underpayment as to which the taxpayer shows that he acted with reasonable cause and in good faith. Sec.

6664(c)(1); <u>Higbee v. Commissioner</u>, <u>supra</u> at 448.  Petitioners offered no evidence that they acted with reasonable cause and in good faith.

Accordingly, we hold that petitioners are liable for section 6662(a) accuracy-related penalties for 2006 and 2007 which shall be computed on the underpayments of tax computed under Rule 155.

In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.  To reflect the foregoing,

<u>Decisions will be entered</u>

<u>under Rule 155</u>.